IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,

Clifton Spears, on behalf
of himself and all others
similarly situated,

    Plaintiffs,

v.

    CIVIL ACTION NO.

Choctaw County Sheriff's
Department and Choctaw
County Commission

    Defendants,

## COMPLAINT

Plaintiff, CLIFTON SPEARS, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendants, CHOCTAW COUNTY COMMISSION and CHOCTAW COUNTY SHERIFF'S DEPARTMENT (collectively "Sheriff" or "Defendants"), seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

### INTRODUCTION

1.     This is a representative action brought pursuant to FLSA § 216(b) by Plaintiff on behalf of himself and all other similarly situated current and former employees of Defendants located in Choctaw County Alabama, for

purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendants operate a police department providing law enforcement, emergency and rescue services in the County of Choctaw, City of Butler. The complained of unlawful compensation practices at issue in this Complaint has affected Defendants' present and former employees.

3. Defendant uniformly denies overtime premium pay to its employees stating overtime is not in their budget. Defendants' deliberate failure to pay Plaintiff overtime compensation violates federal law as set out in the Fair Labor Standards Act. *See* 29 CFR 541.600. Defendants have been investigated and cited by the Department of Labor for similar violations in the past.

4. Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay employees overtime for all hours worked over forty (40).

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction

over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendants operate in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

7. Defendants maintain their principal places of business in Butler Alabama.

8. Plaintiff is a former employee, specifically deputy, who work(ed) at the Choctaw County Police Department within the last three years.

9. Plaintiff is a resident and domiciled in the State of Alabama.

10. Plaintiff has concurrently filed his Consent to Become Party Plaintiff pursuant to 29 U.S.C. § 216(b). See Exhibit A.

## GENERAL ALLEGATIONS

11. Starting in May of 2002, Plaintiff worked on active duty as an hourly police officer until he suffered a burn injury in May of 2006. Plaintiff is currently employed by the department but on medical leave.

12. Plaintiff was paid on an hourly basis a maximum of forty (40) hours per week although Plaintiff regularly worked in excess of forty (40) hours.

13. Plaintiff's time was recorded on a weekly basis along with the times of other hourly police officers and department employees.

3

14. Plaintiff and Defendant did not have an agreement that compensatory time would be accrued in lieu of overtime compensation.

15. At no time during Plaintiff's employ did he accrue or use compensatory time for hours worked over forty (40).

16. At no time during Plaintiff's employ did he receive pay for compensatory time accrued in lieu of overtime.

17. Plaintiff was employed as a deputy sheriff. The department also employed one (1) sheriff, five (5) deputies, four (4) dispatchers, four (4) jailers and three (3) secretaries.

18. Plaintiff worked as many as 65 hours a week.

19. Plaintiff was forced to work through meal periods.

20. Under Defendants' compensation plan, Plaintiff and others similarly situated were or are not paid time and a half for all hours worked over forty (40).

21. The time for which Plaintiff and other similarly situated employees are paid is significantly less than the time they spend at work.

22. In addition to depriving Plaintiff and others similarly situated of overtime wages, Defendants' failure to accurately account for and report all compensable time worked by the Plaintiff and others similarly situated has deprived Plaintiff and others similarly situated of what would otherwise be overtime pay in excess of the hours clocked on their time sheet.

4

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as representative of all similarly situated former and current employees of the Choctaw County Sheriff's Department. The potential class of "opt-in" employees can be defined as:

> *All current and former Police Department employees employed by Defendants, paid under a compensation plan where employees were not paid overtime at the rate of time and a half for all hours worked over forty (40).*

24. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

26. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

27. Potential collective action members may be informed of the pendency of this class action through direct mail.

28. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Plaintiffs worked more than forty hours per week;

    b) Whether Plaintiffs were compensated time and one half their regular rate for all hours worked over forty in a week;

    c) Whether Defendants' practices accurately account for the time Plaintiffs actually are working;

    d) Whether Defendants' compensation policy and practice is illegal; and

    e) Whether Defendant had a policy and practice of willfully failing to record and compensate employees overtime.

29. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

30. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees were subject to the same or similar unlawful practices as the Collective Action Representative.

31. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

32. The Collective Action Representative is an adequate representative of similarly situated current and former employees because they are employees of the same entity and his interests do not conflict with the interests of the other similarly situated current and former employees he seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

33. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could

result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

34. Plaintiff reasserts and incorporates by reference paragraphs 1 - 33 as set forth above as if fully restated herein.

35. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

36. The individually named Plaintiff and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

37. Defendants violated the FLSA by failing to pay overtime compensation.

38. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

39. Defendants were, and are, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

40. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

41. Defendants' failure to accurately pay overtime was willfully perpetrated. Defendant's have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

43. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling,

because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

44. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiff the following relief:

a. At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive overtime for hours worked in excess of 40 in a week.

b. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c. Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all

time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

  d. Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

  e. Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

  f. Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury under Alabama and Federal law.

Dated: April 13, 2007

Respectfully submitted,

**THE COCHRAN FIRM**

*[signature: Robert J Camp]*

**ROBERT J. CAMP**
**(ASB-1864-O76C)**
505 North 20th Street, Ste 825
Birmingham, AL 35203
Phone: (205) 445-1313
Fax: (205) 244-1171

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

CLIFTON SPEARS, on behalf of himself )
and all others similarly situated, )
)
)
Plaintiffs, )
)
v. ) CIVIL ACTION CASE NUMBER:
)
CHOCTAW COUNTY SHERIFF DEPT., )
and CHOCTAW COUNTY COMMISSION )
)
Defendants. )

---

# EXHIBIT A

---

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO: CLERK OF THE COURT AND COUNSEL OF RECORD

__Clifton Spears__ states the following:
[Print Name]

1. I am over 18 years of age and competent to give the following consent in this matter.

2. I am currently, or was formerly employed, by __Choctaw Co. Commiss.__ (Sheriff Dept.) at the facility located in __Butler, AL__ [City/State]. I worked at this location from __7/01__ [Date] to __Present__ [Date, or if still working write "present"].

3. I understand that this suit is being brought to recover compensation for violations of minimum wage and overtime laws. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4. I believe I have not been paid appropriately for all compensable time, which I have worked, including overtime.

5. I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

I understand that this suit may be brought as a class action covering employees at various locations in which employs similarly situated individuals. If brought as a class action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

DATED the __28th__ day of __Mar.__, 2007.

__Clifton Spears__            __Clifton Spears__
[PRINT NAME]                  [SIGN NAME]

Revised: 02/07/07